UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIHAIL CUPCEANU,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN ZELAN, et al.,<br><br>Defendants. | CASE NO. 2:23-cv-00881-LK<br><br>ORDER DISMISSING CASE AND DENYING MOTION TO SEAL |

This matter comes before the Court on the Joint Stipulation to Withdraw and Seal Complaint. Dkt. No. 7. For the reasons set forth below, the Court construes the stipulation as a notice of voluntary dismissal, dismisses the case, and denies the motion to seal without prejudice.

**I. DISCUSSION**

Plaintiff Mihail Cupceanu filed his complaint on June 12, 2023. Dkt. No. 1. On June 20, 2023, his counsel and counsel purporting to represent Defendants filed a stipulation stating that the parties have reached a settlement, that Defendants find the contents of the complaint are inaccurate and defamatory, and that the parties "agree to withdraw the complaint and to seal all records relating to the complaint." Dkt. No. 7 at 1–2. In light of those assertions and the parties'

request to seal the complaint and the stipulation, the Court does not further describe the contents of those filings.

**A. The Court Does Not Consider the Unsigned Memorandum of Law**

Plaintiff filed a "Memorandum of Law" with the stipulation in which he claims that the complaint has not been filed, which is untrue, and reiterates that the complaint contains sensitive information. Dkt. No. 7-1 at 1; *see also* Dkt. No. 1 (filed complaint). The Court does not consider the Memorandum because it is unsigned despite the signature requirements in the Federal and Local Rules of Civil Procedure. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); LCR 10(e)(4) ("All pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, LCR 11, and the court's Electronic Filing Procedures.").[1]

**B. The Case Is Dismissed**

The filing states that the parties agree that this "case is dismissed." Dkt. No. 7 at 2. The Court does not consider the filing to be a stipulation because counsel who purports to represent Defendants has not appeared in this action. LCR 83.2(a) (requirements to appear); *see also* Dkt. No. 7 at 2 (stating that counsel for Defendants "has not been admitted in this court nor does she seek admission *pro hac vice*, but represents she has authority to sign this stipulation on the Defendants' behalf."). Although the filing also requests to "withdraw" the complaint, *id.*, the parties cite no authority in support of that request. *See, e.g.*, *Gibbons v. Comm'r of Soc. Sec. Admin.*, No. C15-5444-BHS, 2015 U.S. Dist. LEXIS 108236, at *2 (W.D. Wash. Aug. 17, 2015) ("The Court is unaware of and [plaintiff] fails to cite any authority for withdrawing a complaint.").

[1] The Memorandum also violates Local Civil Rule 7(b), which requires that "argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself."

Nevertheless, the Court construes the filing as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41. *Scott v. Cunningham*, No. C11-6015-BHS-KLS, 2012 WL 5410597, at *1 (W.D. Wash. Aug. 29, 2012) (construing a motion to "withdraw" the complaint as a motion for voluntary dismissal), *report and recommendation adopted*, 2012 WL 5410437 (W.D. Wash. Nov. 6, 2012). Because Defendants have not filed an answer or a motion for summary judgment, Cupceanu may dismiss this matter without a Court order. Fed. R. Civ. P. 41(a)(1)(A)(i). Based on his signed representation that the "case is dismissed," the matter is dismissed without prejudice.

**C. The Request to Seal Is Denied Without Prejudice**

The parties request to seal their stipulation and "[a]ll records relating to the complaint, including but not limited to the complaint itself, the summons, the answer, and any other pleadings, motions, or orders," presumably including this Order. Dkt. No. 7 at 2. Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.*

"[P]ublic access to filed motions and their attachments" depends on the whether the motion to which the sealed documents are appended is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the motion is only tangentially related to the merits, the party seeking to seal the records need only show "good cause"

to seal those records. *See id.* at 1097 (noting that courts have "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case" (cleaned up)). Additionally, in the Western District of Washington, a motion to seal must include a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" LCR 5(g)(3)(A).

Despite those requirements, the parties' filing does not set forth the appropriate standard, explain whether they have explored all alternatives to sealing, explain why those alternatives—including redaction—are inadequate, or include a certification that they have met and conferred about those issues. LCR 5(g). Accordingly, their request to seal is denied without prejudice. The parties (or Cupceanu alone) may refile a request to seal that complies with Local Civil Rule 5, but the parties are advised that the Court is unlikely to grant a request to seal the *entire* complaint or this Order. If a compliant motion to seal is not filed within 14 days of the date of this Order, the Court will unseal the stipulation and its attachment. Dkt. Nos. 7, 7-1.

## II. CONCLUSION

The Joint Stipulation is GRANTED IN PART AND DENIED IN PART. Dkt. No. 7. The complaint is dismissed without prejudice, and the request to seal is denied without prejudice.

Dated this 5th day of July, 2023.

Lauren King
United States District Judge